```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
TOMASINA AGRAMONTE, et al.,                         :
                                                    :    REPORT AND
                Plaintiffs,                         :    RECOMMENDATION
                                                    :
        -v.-                                        :    10 Civ. 2241 (LAK)(GWG)
                                                    :
DETECTIVE ANTHONY ROMERO, et al.,                   :
                                                    :
                Defendants.                         :
                                                    :
-----------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiffs Tomasina Agramonte and Irma Abreu, who are daughter and mother, brought this action pursuant to 42 U.S.C. § 1983, alleging that their constitutional rights were violated when police detectives, including the defendants, forcibly entered their apartment and searched the premises on February 26, 2008. See Complaint, filed Mar. 15, 2010 (Docket # 2) at 2-3.

On November 18, 2010, both parties appeared before the Court to discuss the defendants' planned motion to dismiss. At this conference, the Court informed the plaintiffs of the decision in a case filed by Ms. Agramonte's brother and Ms. Abreu's son, Ernesto Abreu, who was also present in the apartment on the day of the search: Abreu v. Romero, 2010 WL 4615879 (S.D.N.Y. Nov. 9, 2010). The court in Abreu decided that the claim for unlawful search and seizure must be dismissed because there was a valid search warrant and that the claim for property damage must be dismissed because there was an adequate state law remedy. Id. at *5, *9. Plaintiffs indicated that they were not aware that this decision had been issued. In light of this decision, the Court gave leave to defendants to file a motion to dismiss or in the alternative for summary judgment by December 10, 2010, and instructed plaintiffs that by January 6, 2011, they should either file papers opposing defendants' motion for summary judgment or send a letter to the Court indicating that they did not wish to pursue the case.

On December 10, 2010, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. See Notice of Motion for Summary Judgment, filed Dec. 9, 2010 (Docket # 10); Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, filed Dec. 9, 2010 (Docket # 11). On December 13, 2010, the Court issued an Order directing plaintiffs either to serve and file a response to the motion on or before January 6, 2011, or to send a letter by that date stating that they no longer wished to pursue the case. See Order, filed Dec. 13, 2010 (Docket # 12).

Plaintiffs did neither. Accordingly, on January 13, 2011, the Court issued an Order directing plaintiffs to appear at a conference on January 25, 2011, at 2:15 p.m. See Order, filed

Jan. 13, 2011 (Docket # 13). The Order stated: "If plaintiffs fail to appear for this conference, they are warned that their case may be dismissed." Id. A clerk mailed this Order to plaintiffs. In addition, the Clerk left a telephone message for plaintiffs at the number they supplied directing them to call the Court to confirm receipt of the Order. Plaintiffs did not telephone the Court. They also failed to appear at the January 25 conference. Plaintiffs have had no contact with the Court since the November 18 conference.

In a letter dated January 14, 2011, defendants asked that the case be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b) provides in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

A decision to dismiss an action for failure to prosecute "may be made sua sponte." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (citing Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (quoting Minnette, 997 F.2d at 1027) (internal quotation marks omitted), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). "Dismissal of a pro se litigant's action may be appropriate so long as a warning has been given that non-compliance can result in dismissal." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994)) (internal quotation marks omitted).

While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Drake, 375 F.3d at 254, a district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal, see Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, it is sufficient to say that plaintiffs have not responded to the motion for summary judgment; have failed to respond to the Court's telephone message; and have disobeyed a court order to appear at the conference on January 25, 2011. The January 13 Order warned plaintiffs that failure to comply might result in dismissal of the case. Accordingly, dismissal of this case is appropriate. See generally Ruzsa v. Rubenstein & Sendy Attorneys at Law, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a lesser sanction would have proved effective in this case") (internal quotation marks omitted); Peart v. City of New York, 992 F.2d 458, 461, 462 (2d Cir. 1993) (dismissal for failure to appear for trial and to comply with court order directing plaintiff's counsel to submit certain pre-trial materials upheld where plaintiff's counsel "indisputably received . . . notice" that the case would be dismissed if the court's order was not complied with); Ayodele v. N.Y. Police Dep't, 2008 WL 4831316, at *2-3 (S.D.N.Y. Nov. 10, 2008) (dismissal for failure to prosecute after plaintiff did not respond to discovery requests for four months and there was "no way to know when the

2

plaintiff might reemerge and seek to revive this litigation"), adopted by 2009 WL 1064475 (S.D.N.Y. Apr. 20, 2009).

Conclusion

For the foregoing reasons, this action should be dismissed pursuant to Fed. R. Civ. P. 41(b).

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Lewis A. Kaplan, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Kaplan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 26, 2011
    New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Tomasina Agramonte
590 West 174th Street, Apt. #36
New York, NY 10033

Irma Abreu
590 West 174th Street
New York, NY 10033

3

Lisa M. Richardson
Assistant Corporation Counsel
100 Church Street
New York, NY  10007

plaintiff might reemerge and seek to revive this litigation"), adopted by 2009 WL 1064475 (S.D.N.Y. Apr. 20, 2009).

Conclusion

For the foregoing reasons, this action should be dismissed pursuant to Fed. R. Civ. P. 41(b).

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Lewis A. Kaplan, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Kaplan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 26, 2011
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Tomasina Agramonte
590 West 174th Street, Apt. #36
New York, NY 10033

Irma Abreu
590 West 174th Street
New York, NY 10033